UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

ZOILA L. G. C.,

             Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

             Defendant.

No. 2:25-cv-04945-BFM

**MEMORANDUM OPINION
AND ORDER**

## I.   PROCEDURAL HISTORY

On October 12, 2017, Plaintiff Zoila L. G. C.[1] applied for Supplemental Security Income, alleging disability with an onset date of April 7, 2017. (Administrative Record ("AR") 627-36, 654.) Plaintiff's application was denied at the initial level of review and on reconsideration, so she requested a hearing before an Administrative Law Judge. (AR 112-37, 187-89.)

In May 2022, an ALJ held a hearing and heard from Plaintiff, a vocational expert, and a medical expert. (AR 80-111.) The ALJ thereafter issued an

---

[1]   In the interest of privacy, this Memorandum Opinion and Order uses only the first name and last initial of the non-governmental party in this case.

unfavorable decision, finding at step two of the disability analysis[2] that Plaintiff did not have any severe medically determinable impairments. (AR 144-52.) On review, the Appeals Council vacated the ALJ's decision and remanded for consideration of evidence submitted after the ALJ's decision. (AR 162-64.)

On May 15, 2024, the same ALJ held another hearing and heard from Plaintiff, a vocational expert, and a medical expert. (AR 46-79.) Later that month, the ALJ issued a second unfavorable decision. (AR 22-35.) The ALJ found at step two that Plaintiff did not have any conditions that met the definition of a severe impairment before October 25, 2018. (AR 25.) As of October 25, 2018, Plaintiff did have severe impairments: fibromyalgia, medial meniscus tears in both knees, and osteoarthritis in both knees. (AR 25-28.) The ALJ found, notwithstanding these impairments, that Plaintiff retained a residual function capacity for a range of light work with limitations. Among other limitations, the ALJ found Plaintiff:

> can sit for a total of four to five hours in an eight hour workday; she . . . can stand for one hour at a time for a total of one to two hours in an eight-hour workday; [and] she can walk for 30 to 60 minutes at a time for a total of one to two hours in an eight-hour workday.

(AR 29.) Related to that conclusion, the ALJ found persuasive the opinion of Dr. Mark Stevens, who testified that, in an eight-hour workday, Plaintiff could "sit for four to five hours, stand two, walk one to two." (AR 31 (citing AR 51-52).) The ALJ rejected several medical opinions finding that greater sitting, standing, and walking limitations would be appropriate. (AR 31-32.)

---

[2] A five-step evaluation process governs whether a claimant is disabled. 20 C.F.R. § 416.920(a)-(g)(1). Only the steps relevant to the issues raised are discussed herein.

2

The ALJ found at steps four and five that Plaintiff could not perform any past relevant work, but there were other jobs that existed in significant numbers in the national economy that she could perform. (AR 33-35 (adopting vocational expert testimony at AR 63-78).) The ALJ therefore found Plaintiff not disabled.

The Appeals Council denied Plaintiff's request for review of the ALJ decision, making the ALJ's May 2024 decision final. (AR 1-3.) Dissatisfied with the agency's resolution of her claim, Plaintiff filed a Complaint in this Court. For the reasons set forth below, the Court affirms the ALJ's May 2024 decision.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to deny benefits to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence. . . is 'more than a mere scintilla.' It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the Court should not substitute its judgment for that of the Commissioner. *Id.* at 720-21.

## III.    DISCUSSION

In this Court, Plaintiff challenges only a narrow aspect of the ALJ's RFC determination. She argues that the ALJ did not consider whether Plaintiff could perform *full-time* work—eight hours a day, five days a week—on a regular basis.

(*See* ECF 9 ("Pl. Br.") at 8-11.) Plaintiff notes that the ALJ stated the periods Plaintiff could work in different positions as ranges—i.e., that she could sit for four to five hours. In Plaintiff's view, these ranges signified that the ALJ found her ability to sit, stand, and walk would be different on different days. She goes further, and states that such a finding is consistent with her fibromyalgia diagnosis, a condition that waxes and wanes. (*See* Pl. Br. at 10-11 (citing Social Security Ruling ("SSR") 12-2p, 2012 WL 3104869, at *6 (noting that fibromyalgia symptoms can wax and wane and a person with fibromyalgia may have "bad days and good days")).) When Plaintiff is having bad days, she might be at the lower end of *each* of the ranges found by the ALJ—that is, only able to sit four hours, stand for one, and walk for one—and that that would leave her unable to work a full eight-hour workday some of the time. (Pl. Br. at 11.) In Plaintiff's view, the ALJ's failure to consider that anomaly warrants remand: an RFC assessment is meant to capture what a claim can do on a "regular and continuing basis," meaning eight hours a day, five days a week, or an "equivalent" schedule." (Pl. Br. at 11 (citing SSR 96-8p, 1996 WL 374184, at *1). In Plaintiff's view, the ALJ failed to do so. (ECF 15 ("Pl. Reply") at 2-4.)

Defendant argues that Plaintiff forfeited this challenge by failing to raise it before the agency, and in the alternative, that Plaintiff's argument fails on the merits because an RFC is the *most* a claimant can do, and in this case the most Plaintiff can do in each position (sitting/standing/walking) exceeds eight hours. (ECF 14 ("Def. Br.") at 3-8 (citing 20 C.F.R. § 416.945(a).)

For the reasons set forth below, the Court declines to find Plaintiff's claim forfeited, but **affirms** the ALJ's decision on the merits.

### A.    Forfeiture[3]

Plaintiff did not raise the issue presented here to the ALJ. Counsel did not ask the medical expert who testified at the hearing whether the sitting/standing/walking limits he found would mean that Plaintiff would be able to work less than eight hours some days. (AR 50-58.) Counsel did not speak up when the ALJ posted hypothetical questions to the vocational expert using these same limits. (AR 63-78.) And Plaintiff's counsel did not raise this issue either in her post-hearing brief to the ALJ (AR 747-78) or in a brief to the Appeals Council (AR 783-84).

Plaintiff admits she didn't raise the issue at the hearing, and states that there was no reason to do so because she could have reasonably believed the ALJ's findings "might prove favorable to her." (*See* Pl. Reply at 3.) That point is not well taken. Once the medical expert offered his opinion and the ALJ incorporated that opinion into the hypothetical posed to the vocational expert, it would have been prudent for counsel to speak up. Had counsel done so, Plaintiff could have clarified the question on the spot. The question, though, is not whether it would have been prudent to seek clarification, but whether Plaintiff is precluded from litigating her claim here because she failed to raise the question below. The Court does not believe forfeiture is appropriate here.

Defendant cites *Meanel v. Apfel*, 172 F.3d 1111 (9th Cir. 1999), in support of his argument that Plaintiff forfeited her claim by failing to raise it at the administrative hearing. (Def. Br. at 3-5.) There is much water under the bridge, however, since *Meanel* was decided. *See, e.g., Sims v. Apfel*, 530 U.S. 103, 110-

---

[3] The parties frame this as a waiver argument, but the Court uses forfeiture, in line with Ninth Circuit caselaw holding that forfeiture describes the case when a litigant fails to timely assert a claim, and that waiver occurs only when a litigant intentionally relinquishes a known claim. *United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019) (en banc). Plaintiff did nothing to affirmatively waive review of the claim she makes here; at most, she forfeited such review.

12 (2000) (finding that, because Social Security proceedings are inquisitorial and not adversarial, and because the ALJ has a duty to investigate facts and develop arguments, issues not raised before the Appeals Council are nonetheless preserved for judicial review); *Carr v. Saul*, 593 U.S. 83, 89-96 (2021) (holding that, while ALJ proceedings are more adversarial than Appeals Council review, not every objection omitted before the ALJ is barred for federal court review).

In a recent decision, the Ninth Circuit synthesized *Sims* and *Carr* and set out a two-part test for determining whether "to impose a judicially created issue-exhaustion requirement." *Obrien v. Bisignano*, 142 F.4th 687, 697-98 (9th Cir. 2025) (quoting *Carr*, 593 U.S. at 88, internal quotation marks omitted). Under *Obrien*, a court (1) "must first identify the relevant 'issues' raised by [a claimant]," then (2) "determine whether, notwithstanding the generally informal and inquisitorial nature of ALJ proceedings, those issues are the sort that claimants are 'expected to develop' in those proceedings, such that requiring issue exhaustion is appropriate.'" *Id.* (quoting *Carr*, 593 U.S. at 89 n.3). The issue in *Obrien* was whether the ALJ properly concluded that the claimant's prior employment qualified as "past relevant work" under applicable regulations. The Ninth Circuit found that issue was not forfeited by the failure to raise it before the agency. Whether a job is past relevant work is "not some extraneous or additional issue that, if not specifically called to the ALJ's attention, the ALJ would have no occasion to decide." *Id.* at 698. Nor did the issue concern the presentation of new evidence or information that the claimant bore "some measure of responsibility to develop." *Id.* at 699 (citation and internal quotations omitted). Rather, deciding whether a claimant's prior employment meets the standard for "prior relevant work" is an issue that is "inherent in the five-step process," and thus related "more to the inquisitorial aspects of those proceedings." *Id.*

Here, the Court reaches the same conclusion. A claimant bears the burden of proving disability, *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996), but the ALJ "always has a 'special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. . . even when the claimant is represented by counsel.'" *Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)). An ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Celaya*, 332 F.3d at 1183 (quoting *Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir. 1992)). As relevant to the issue presented here, the persuasiveness of a medical opinion, how a persuasive medical opinion should be reflected in the RFC, and whether an RFC will preclude regular employment are each standard pieces of the sequential analysis the ALJ must perform in every case. As such, any issues with the medical expert's testimony and what it meant for the RFC, or whether the assessed RFC would have precluded Plaintiff's employment, fall squarely under the inquisitorial aspects of the hearing. The Court thus declines to find Plaintiff forfeited her ability to raise this issue in these proceedings.

### B.    Merits

On the merits, however, Plaintiff's claim fails. Plaintiff's argument flows from a faulty premise: that the ALJ stated the RFC's sitting, standing, and walking limitations as ranges to account for the waxing and waning of fibromyalgia symptoms. (Pl. Br. at 10-11; Pl. Reply at 4.) The ALJ's decision suggests otherwise. The ALJ almost entirely adopted the limitations offered in Dr. Stevens's opinion. (*Compare* AR 29 (ALJ's RFC finding Plaintiff could sit for a total of four to five hours in an eight-hour workday; stand for a total of one to two hours in an eight-hour workday; and walk for a total of one to two hours in an eight-hour workday) with AR 51 (Dr. Stevens's testimony that Plaintiff could sit for a total of four to five hours, stand two hours, and walk up to one to two

hours in an eight-hour day).) Dr. Stevens's proposed limitations were expressly tied to Plaintiff's knee problems; he acknowledged he did not treat fibromyalgia in his practice. (AR 51.) On top of that, the ALJ rejected each of the medical opinions that proposed greater standing, sitting, and walking limitations based on Plaintiff's other conditions. (AR 31 (rejecting as unpersuasive Dr. Rodriguez's opinion that Plaintiff could sit, stand, and walk for only two hours of an eight-hour day based on her migraines and arthritis); AR 32 (rejecting Dr. Eskenazi's opinion that Plaintiff could only sit for thirty minutes at a time or stand for ten minutes at a time); AR 32 (discounting as unpersuasive Dr. Lim's opinion that Plaintiff could sit for less than two hours and stand/walk for less than two hours in an eight-hour day). Moreover, the ALJ was also dismissive of the evidence that suggested Plaintiff's fibromyalgia would affect her ability to work. (*See* AR 30-31 (noting that the most recently submitted progress notes demonstrated that Plaintiff's fibromyalgia improved with medication); AR 31 (rejecting D.O. Miller's opinion concerning Plaintiff's fibromyalgia as inconsistent with more recent evidence of improvement).) Taking all of this together, there is simply no reason to read the decision as suggesting that the ALJ believed Plaintiff's fibromyalgia would cause her to be at the bottom of each of the three ranges some days.

The far more natural reading is that the ALJ believed Plaintiff would patch together a combination of standing, sitting and walking over the course of an eight-hour workday—and that for each of the three jobs described at step five, Plaintiff would be able to do so within the ranges assessed in Plaintiff's RFC. The RFC reflects the ALJ's awareness that he had to consider Plaintiff's ability to work an eight-hour workday. (AR 29 (assessing hours Plaintiff could work in different positions "in an eight-hour workday").) The ALJ credited Dr. Stevens's testimony that Plaintiff would be able to sit for four to five hours, stand for two hours, and walk for one to two hours "in an eight-hour workday."

8

(AR 31.) The vocational expert's testimony also made clear that she was basing her testimony on whether a person with Plaintiff's RFC could perform full-time employment. (AR 69 (confirming that the statistics provided were for full-time employment).) In other words, all relevant individuals were focused on Plaintiff's ability to work an eight-hour workday.

As such, there is no reason to think that the ALJ actually concluded that Plaintiff would be unable to work an eight-hour day in any combination of positions, but nevertheless found Plaintiff not disabled. *See Thomas v. Astrue*, 2012 WL 5363448, at \*7 (D. Md. Oct. 26, 2012) (rejecting similar argument because a residual functional capacity is the *most* a claimant can do despite her limitations, and taking the maximum of each range in each position, the claimant could work for eight hours a day).

For the foregoing reasons, the Court finds no basis to remand this matter based on the ALJ's RFC determination.

## IV.   ORDER

For all the foregoing reasons, it is ordered that the decision of the Commissioner is **affirmed**. Judgment shall be entered accordingly.

DATED: March 3, 2026       _____

BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

9